Joseph D'ERRICO, Petitioner,

v.

**GENERAL DYNAMICS CORPORATION, Director, Office of Workers' Compensation Programs, U.S. Department of Labor, and Benefits Review Board, U.S. Department of Labor, Respondents.**

No. 92–2417.

United States Court of Appeals, First Circuit.

Heard May 3, 1993.

Decided June 25, 1993.

Donald E. Wallace with whom MacDonald, Wallace, Rowley & Bena was on brief for Joseph D'Errico.

Norman P. Beane, Jr. with whom Murphy & Beane and Diane M. Broderick were on brief for General Dynamics Corp.

---

Laura J. Stomski, Atty., U.S. Dept. of Labor, Office of the Sol., with whom Judith E. Kramer, Deputy Sol., Carol A. DeDeo, Associate Sol., and Janet R. Dunlop, Counsel for Longshore, were on brief for the Director, Office of Workers' Compensation Programs.

Before TORRUELLA, Circuit Judge, FEINBERG,* Senior Circuit Judge, and BOUDIN, Circuit Judge.

FEINBERG, Senior Circuit Judge.

Joseph D'Errico petitions for review of a decision and order of the Benefits Review Board of the United States Department of Labor (the Board). The Board affirmed a decision and order of an administrative law judge (ALJ) awarding D'Errico benefits under the Longshore and Harbor Workers' Compensation Act (the Act), but also granting D'Errico's employer, General Dynamics Corporation (General Dynamics), an offset for the amounts paid to D'Errico under the terms of an earlier consent decree pursuant to a state workers' compensation law. D'Errico challenges this offset.[1]

## I. Background

D'Errico was an employee of General Dynamics. On July 19, 1984, he suffered injury to his right foot and back when he was struck during the course of his employment by a 2,500 pound steel "ring" at General Dynamics's facility at Quonset Point, Rhode Island. The ring knocked him over, crushing his foot. All five toes and part of the foot itself had to be amputated. D'Errico has been unable to return to work since the accident.

From the time of the injury until May 1988, General Dynamics voluntarily paid D'Errico temporary total disability benefits under the Act. In June 1988, the Rhode Island Workers' Compensation Commission entered a consent decree signed by D'Errico and General Dynamics in settlement of claims arising under § 28–33–19 of the Rhode Island Workers' Compensation Act. Under the decree, D'Errico received a total of $42,636, of which $12,636 was for permanent loss of use of the foot and $30,000 for permanent disfigurement. Shortly thereafter, D'Errico filed a claim for compensation under the Act.

The ALJ awarded D'Errico compensation for temporary total disability from the time of the accident to April 14, 1987, and permanent total disability benefits from April 15, 1987 onward, 33 U.S.C. §§ 908(a) & (b), but denied any award for disfigurement. 33 U.S.C. § 908(c)(20). The ALJ also held that General Dynamics was entitled under § 3(e) of the Act, 33 U.S.C. § 903(e), to a credit or "offset for the amounts paid to [D'Errico] under the state Consent Decree." D'Errico argued unsuccessfully to the Board that General Dynamics was not entitled to this credit.

This appeal followed.

## II. Discussion

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, —— U.S. ——, ——, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992). Section 3(e) of the Act provides in relevant part:

> Notwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this Act pursuant to any other workers' compensation law ... shall be credited against any liability imposed by this Act.

Longshore and Harbor Workers' Compensation Act Amendments of 1984, § 3(e), 33 U.S.C. § 903(e). If the language of § 3(e) "speaks with clarity," we are required to follow it, even if doing so produces a "painful outcome." *Bouchard v. General Dynamics Corp.*, 963 F.2d 541, 544 (2d Cir.1992). The parties agree that the "amounts paid" to D'Errico under the consent decree were

---

* Of the Second Circuit, sitting by designation.

1. In his brief to this court, D'Errico also argued that the ALJ had erroneously awarded a credit to General Dynamics for the amount it had paid in attorney's fees under the state consent decree. D'Errico withdrew this claim at oral argument.

"pursuant to [Rhode Island's] workers' compensation law." Disagreement centers on whether the amounts paid were "for the same injury, disability, or death."

General Dynamics and the Director of the Office of Workers' Compensation Programs (the Director) submit that the language of § 3(e) is clear.[2] They argue that the award D'Errico received under the consent decree and the award he received under the Act were obviously for the "same injury" and that the credit to General Dynamics was therefore appropriate.

D'Errico claims, however, that General Dynamics should not have received credit for the amounts paid under the consent decree. Cast in the language of § 3(e), D'Errico's argument is that the respective awards were not for the same "injury" or "disability." The award he received under the Act, D'Errico argues, was in compensation for wages lost due to his "total disability." In contrast, the $12,636 he received under the state consent decree was for "permanent loss of use" of his foot, while the $30,000 was for "permanent disfigurement." According to D'Errico, "total disability," "loss of use" and "disfigurement" constitute different injuries or disabilities within the meaning of § 3(e).

We begin by noting that § (3)(e) lists "injury, disability, or death" in the disjunctive. An employer is entitled to a credit as long as the state award is "for the same injury, disability, *or* death for which benefits are claimed under [the] Act." (emphasis added). Since there is no claim for death benefits here, we may disregard the reference to "death." In order to deny General Dynamics a credit, we must be satisfied that the respective amounts paid under the state consent decree and the Act were neither for the same "disability" nor for the same "injury."

See *Garcia v. National Steel & Shipbuilding Co.,* 21 BRBS 314, 317 (1988) (per curiam).

It is true that the effects of the injury suffered by D'Errico may be described in a number of ways and may be divided into a number of categories for purposes of awarding compensation. These different categories of compensation may even be said to correspond to different disabilities arising from that injury. Still, the term "injury" in § 3(e) refers, on its most natural reading, to the single physical injury D'Errico suffered on July 19, 1984. The benefits D'Errico received under the consent decree may have been awarded to compensate him for one or more effects of, or disabilities arising from, that injury, while the benefits he received under the Act may have been awarded to compensate him for others. Nonetheless, the physical injury upon which all of those benefits were ultimately based was the same. In this regard, we note that the consent decree itself states that D'Errico's loss of use and disfigurement were each "a result of [his] original injury of July 19, 1984." Another "result" of that "original injury" was the permanent disability he suffered and for which he was compensated under the Act. Since the language with which we deal here is plain, it makes no difference that the state award was denominated as an award for "disfigurement" and for "loss of use," whereas the federal award was denominated as an award for temporary and permanent "total disability." General Dynamics is still entitled to a full credit.

We are aware that D'Errico, because he did not meet the Act's requirements, was awarded nothing under the Act for the disfigurement resulting from his injury, even though he did receive $30,000 for disfigurement under the less restrictive requirements of the state consent decree and state law.[3]

---

**2.** Prior to oral argument, the Director moved to "amend and reform" the caption in this appeal by "substituting" himself as respondent in place of the Board. Implicit in this motion was a request to dismiss the Board as a party. We granted this motion to the extent of naming the Director in the caption as a respondent, but denied the implicit request to dismiss the Board. The latter request having been renewed at oral argument, we again deny it. See *Prolerized New England Co. v. Benefits Review Bd.,* 637 F.2d 30,

40–41 (1st Cir.1980), cert. denied, 452 U.S. 938, 101 S.Ct. 3080, 69 L.Ed.2d 952 (1981).

**3.** Section 8(c)(20) of the Act provides that "[p]roper and equitable compensation not to exceed $7,500 shall be awarded for serious disfigurement of the face, head, or neck or of other normally exposed areas likely to handicap the employee in securing or maintaining employment." 33 U.S.C. § 908(c)(20). The ALJ found that D'Errico had "not established entitlement to

We are also aware that the result we reach provides D'Errico with less overall compensation for his undoubted injury than would the result D'Errico urges, and that from his perspective this is a "painful outcome." *Bouchard,* 963 F.2d at 544. We believe, however, that the governing principles of statutory construction leave us no other choice.

For the foregoing reasons the petition for review is denied.

a disfigurement award under 8(c)(20) as his disfigured foot is neither a normally exposed area, nor was it shown to be a handicap to obtaining employment."